HUNTON ANDREWS KURTH LLP
MATTHEW BOBB (SBN 253308)
mbobb@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

HUNTON ANDREWS KURTH LLP
ROBERT T. QUACKENBOSS (*pro hac vice forthcoming*)
rquackenboss@HuntonAK.com
CULLAN E. JONES (*pro hac vice forthcoming*)
cjones@HuntonAK.com
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: 202 • 955 • 1500
Facsimile: 202 • 778 • 2201

Attorneys for Defendants
MH SUB I, LLC and DEMANDFORCE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIM RATTLER, on behalf of herself, all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>MH SUB I, LLC, a Delaware Limited Liability Company; DEMANDFORCE, INC., a California corporation; and  DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>*[Alameda Superior Court Case No. RG20057640]*<br><br>**DEFENDANTS' NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION)**<br><br>*[Filed Concurrently with Civil Cover Sheet and Certificate of Interested Entities or Persons]*<br><br>State Action Filed:     March 9, 2020 |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants, MH SUB I, LLC and DEMANDFORCE, INC. (collective referred to herein as the "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Alameda, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  In support thereof, Defendants state as follows:

1.     On March 9, 2020, Plaintiff Kim Rattler filed an action against Defendants in the Superior Court of the State of California for the County of Alameda, as Civil Case No. RG20057640, *KIM RATTLER, on behalf of herself, all others similarly situated v. MH SUB I, LLC, a Delaware Limited Liability Company; DEMANDFORCE, INC., a California Corporation; and DOES 1 through 50, inclusive* (the "Action"). Plaintiff served the Defendants with the Complaint on March 11, 2020.

2.     The Complaint asserts a single cause of action for an alleged failure to make a proper disclosure in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681b(b)(2)(A).  The Complaint alleges, *inter alia,* that "Defendants routinely acquire consumer reports to conduct background checks on Plaintiff and other prospective, current and former employees and use information from consumer reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law."  Compl. ¶ 2.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, along with a copy of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit A**.

3.     Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Under 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state court to federal court. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff has raised a claim under federal law – specifically, the federal Fair Credit Reporting Act.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4.      Venue lies in the United States District Court for the Northern District of California because Plaintiff filed the Action in this judicial district, and the Action remains pending in this judicial district. *See* 28 U.S.C. § 1441(a); *see also* Local Rule 3-2(d).

5.      Defendants' Notice of Removal is timely because Plaintiff completed service of the Summons and Complaint on March 11, 2020, and the Defendants filed this Notice of Removal within thirty days of that date. *See* 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy will be filed with the Clerk of the Superior Court for the State of California, County of Alameda, when it reopens.

7.      Nothing in this Notice shall be interpreted as a waiver of relinquishment of Defendants' right to assert any defense, including, without limitation, by way of a motion to dismiss or any pre-answer motion under Fed. R. Civ. P. 12.

**WHEREFORE** Defendants hereby remove this Action from the Superior Court of the State of California, County of Alameda, to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

DATED:  April 9, 2020                               HUNTON ANDREWS KURTH LLP

                                                 By:   */s/ Matthew Bobb*
                                                       MATTHEW BOBB
                                                       ROBERT T. QUACKENBOSS
                                                       CULLAN E. JONES
                                                       Attorneys for Defendants
                                                       MH SUB I, LLC and DEMANDFORCE, INC.

DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT A

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

## DomainWeb
*your resource for case filing information*

**Buy Credits**
**0 Credit(s)**        **Checkout (0 item(s))**

**DomainWeb**    **How This Site Works**    **FAQ**

## Case Details

**Case Number: RG20057640**          **Title: Rattler VS MH Sub I, LLC**

| Case Summary | Register of Action | Participants | Tentative Rulings |
| Future Hearings | Minutes |

| Date | Description | Pages | Price | | Select ☐ |
|------|-------------|-------|-------|---|--------|
| 3/13/2020 | Proof of Service on Complaint As to DemandForce, Inc. Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 3/13/2020 | Proof of Service on Complaint As to MH Sub I, LLC, a Delaware Limited Liability Company Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 3/9/2020 | Case Management Conference 05/26/2020 03:00 PM D- 23 | 2 | | View | |
| 3/9/2020 | Complex Determination Hearing 04/21/2020 03:00 PM D- 23 | | | | |
| 3/9/2020 | Civil Case Cover Sheet Filed for Kim Rattler | 2 | $2.00 | Half Page Preview | ☐ |

| Date | Description | Pages | Price | | Select ☐ |
|------|-------------|-------|-------|---|--------|
| 3/9/2020 | Complex Designation Requested | | | | |
| 3/9/2020 | Complaint - Other Employment Filed | 9 | $7.00 | Half Page Preview | ☐ |
| 3/9/2020 | Summons on Complaint Issued and Filed | 2 | $2.00 | Half Page Preview | ☐ |

Page: 1 of 1

**Add Item(s) to buy**

**Back to Search Results**

Feedback     Use and Privacy Policy     System Requirements     Contact Us     ® 2020 - Superior Court of California County of Alameda

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>MH SUB I, LLC, a Delaware Limited Liability Company;<br>DEMANDFORCE, INC., a California corporation; and DOES 1 through<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>KIM RATTLER, on behalf of herself, all others similarly situated, | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>March 09, 2020<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG20057640 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 315 South Beverly Drive, Suite 315, Beverly Hills, CA 90212 (310)888-7771

| DATE:<br>*(Fecha)* March 09, 2020 | Clerk, by<br>*(Secretario)* _Cheryl Clark_ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| RATTLER v. MH SUB I, LLC, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

50, inclusive,

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  Farrah Grant (SBN 293898)
   farrah@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   KIM RATTLER
8

**FILED BY FAX**
ALAMEDA COUNTY

March 09, 2020

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

CASE NUMBER:
**RG20057640**

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF ALAMEDA

11                         UNLIMITED JURISDICTION

12

13  KIM RATTLER, on behalf of herself, all          Case No.
    others similarly situated,

14            *Plaintiff,*                           **COMPLAINT**

15      vs.                                          Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair
                                                     Credit Reporting Act)
16  MH SUB I, LLC, a Delaware Limited
    Liability Company; DEMANDFORCE, INC.,
17  a California corporation; and DOES 1 through     **DEMAND FOR JURY TRIAL**
    50, inclusive,
18
              *Defendants.*
19

20

21

22

23

24

25

26

27

28

                              COMPLAINT

1      COMES NOW, Plaintiff KIM RATTLER (hereafter "Plaintiff"), on behalf of herself and all

2 others similarly situated, complains and alleges as follows:

3 **INTRODUCTION**

4     1.    Plaintiff brings this class action against defendant MH SUB I, LLC; DEMANDFORCE,

5 INC.; and DOES 1 through 50, inclusively (collectively referred to as "Defendants") for alleged

6 violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

7     2.    Plaintiff alleges that Defendants routinely acquire consumer reports to conduct

8 background checks on Plaintiff and other prospective, current and former employees and use

9 information from consumer reports in connection with their hiring process without providing proper

10 disclosures and obtaining proper authorization in compliance with the law.

11     3.    Plaintiff, individually and on behalf of all others similarly situated current, former, and

12 prospective employees, seeks statutory damages due to Defendants' systematic and willful violations of

13 the FCRA.

14 **JURISDICTION AND VENUE**

15     4.    This Court has subject matter jurisdiction to hear this case because the monetary

16 damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction

17 of the Superior Court of the State of California.

18     5.    Venue is proper in the County of Alameda pursuant to Code of Civil Procedure sections

19 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the

20 subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices,

21 transacts business and/or has an agent therein.

22 **PARTIES**

23     6.    Plaintiff was employed by Defendant in the State of California.

24     7.    Defendant MH SUB I, LLC is a Delaware Limited Liability Company and does business

25 in the State of California.

26     8.    Defendant DEMANDFORCE, INC., is a California corporation and does business in the

27 State of California.

28     9.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of

1

COMPLAINT

1  participation in the conduct alleged herein, of the defendants sued as DOES 1 through 10, inclusive, but

2  is informed and believes and thereon alleges that said defendants are legally responsible for the

3  wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff

4  will amend the Complaint to allege the true names and capacities of the DOE defendants when

5  ascertained.

6      10.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all

7  Defendants were the agents, employees and/or servants, masters or employers of the remaining

8  defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such

9  agency or employment, and with the approval and ratification of each of the other Defendants.

10     11.    Plaintiff alleges that each and every one of the acts and omissions alleged herein were

11 performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or

12 under the direction and control of each of the other defendants, and that said acts and failures to act were

13 within the course and scope of said agency, employment and/or direction and control.

14                              **CLASS ALLEGATIONS**

15     12.    This action has been brought and may be maintained as a class action pursuant to Code

16 of Civil Procedure section 382 because there is a well-defined community of interest among many

17 persons who comprise the classes defined below.

18     13.    **Class Definitions**: The classes are defined as follows:

19         (a)    **FCRA Class**:  All of Defendants' current, former and prospective applicants for

20                employment in the United States who applied for a job with Defendants at any

21                time during the period for whom a background check was performed beginning

22                five years prior to the filing of this action and ending on the date that final

23                judgment is entered in this action.

24     14.    **Revisions to Proposed Class Definitions**: Plaintiff reserves the right to amend or

25 modify the class definitions by further division into subclasses and/or by limitation to particular issues

26 and/or to exclude improper constituents as may subsequently prove necessary.

27     15.    **Numerosity**: The class members are so numerous that the individual joinder of each

28 individual class member is impractical. While Plaintiff does not currently know the exact number of

1  class members, Plaintiff is informed and believes that the actual number exceeds the minimum required

2  for numerosity under federal law.

3      16.   **Commonality and Predominance:** Common questions of law and fact exist as to all

4  class members and predominate over any questions which affect only individual class members. These

5  questions include, but are not limited to:

6          (a)    Whether Defendants willfully failed to provide the class with clear and

7               conspicuous, stand-alone written disclosures before obtaining a background

8               report in compliance with the statutory mandates;

9          (b)    Whether Defendants willfully failed to identify the name, address, telephone

10               number, and/or website of the consumer reporting agency conducting the

11               investigation;

12          (c)    Whether Defendants willfully failed to identify the source of the consumer report

13               to be performed; and

14          (d)    Whether Defendants willfully failed to comply with the FCRA.

15      17.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is

16  informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy

17  which resulted in Defendants failing to comply with the FCRA as alleged herein.

18      18.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that

19  she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class

20  members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members.

21  Plaintiff will fairly and adequately represent and protect the interests of class members.

22      19.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they

23  have no known conflicts of interest with Plaintiff or absent class members, are experienced in class

24  action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent

25  class members.

26      20.   **Superiority:** A class action is vastly superior to other available means for fair and

27  efficient adjudication of class members' claims and would be beneficial to the parties and the Court.

28  Class action treatment will allow a number of similarly situated persons to simultaneously and

1  efficiently prosecute their common claims in a single forum without the unnecessary duplication of
2  effort and expense that numerous individual actions would entail. In addition, the monetary amounts due
3  to many individual class members are likely to be relatively small and would thus make it difficult, if
4  not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will
5  serve an important public interest by permitting class members to effectively pursue the recovery of
6  monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory
7  judgments inherent in individual litigation.

8         **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9         21.    When Plaintiff applied for employment with Defendant, Defendants provided a
10 disclosure and authorization form to perform a background investigation.

11        22.    The disclosures provided by Defendants contained extraneous and superfluous language
12 that does not consist solely of the disclosure as required by the FCRA and/or is not clear and
13 conspicuous.

14        23.    In violation of Section 1681b(b)(2)(A) of the FCRA, the following provisions of
15 Defendant's disclosure documents contain extraneous information that violates the "solely" requirement
16 of the FCRA:

17            1.  Defendants disclosure includes a section under the heading, "State of Washington
18                applicants and employees only."
19                a.  This language is extraneous and noncompliant with FCRA disclosure
20                    requirements. Specifically, the rights of Washington applicants have no
21                    bearing on the rights of California applicants. The inclusion of this section
22                    only serves to confuse applicants and make the disclosure unclear.
23            2.  Defendants disclosure includes a section under the heading, "Massachusetts and
24                New Jersey applicants, employees, and residents only."
25                a.  This language is extraneous and noncompliant with FCRA disclosure
26                    requirements. Specifically, the rights of Massachusetts and New Jersey
27                    applicants have no bearing on the rights of California applicants. The
28                    inclusion of this section only serves to confuse applicants and make the

1    disclosure unclear

2        3.  Defendants disclosure includes a section under the heading, "New York applicants,

3            employees, and residents only."

4                a.  This language is extraneous and noncompliant with FCRA disclosure

5                    requirements. Specifically, the rights of New York applicants have no

6                    bearing on the rights of California applicants. The inclusion of this section

7                    only serves to confuse applicants and make the disclosure unclear.

8        24.     The inclusion of the extraneous provisions causes the disclosure to fail to be "clear and

9    conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a). More

10   specifically, the disclosure does not comply with the "clear and conspicuous" requirement because (1)

11   the disclosure is not in all capital letters; (2) the disclosure is not in boldface to set off the required

12   disclosure; (3) the disclosure includes multi-state information that is not a permissible element in an

13   FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses; and, (4)

14   the disclosure provisions are set out in a dense, small font that reduces clarity. The FCRA disclosure

15   should be a standalone document and, if desired, a bare authorization to obtain information, without

16   being weighed down by multiple, irrelevant state law references, confusing and contradictory rights

17   summaries, and acknowledgement of receipt of separate documents, and impermissible references to

18   side documents containing information not set forth in the attempted disclosure.

19                        **FIRST CAUSE OF ACTION**

20       **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

21                        **(15 U.S.C. §§ 1681b(b)(2)(A))**

22                **(By Plaintiff and the FCRA Class Against All Defendants)**

23       25.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

24       26.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

25       27.     Plaintiff and **FCRA Class** members are "consumers" within the meaning Section

26   1681a(c) of the FCRA, because they are "individuals."

27       28.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

28       any oral, or other communication of any information by a consumer reporting agency bearing on

                                5

1   a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in
2   whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility"
    for employment purposes.
3
    As defined, a credit and background report qualifies as a consumer report.
4
5           29.      Section 1681b(b) of the FCRA provides, in relevant part:

6           Conditions for furnishing and using consumer reports for employment purposes

7           (2) Disclosure to consumer

8                   (A) In general

9                   Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any
                    consumer, unless—
10
11                          (i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document
                            that ***consists solely of the disclosure***, that a consumer report may be obtained for
12                          employment purposes; and

13                          (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that
14                          person. (Emphasis Added).

15          30.      Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in

16   writing.

17          31.      As described above, Plaintiff alleges, on information and belief, that in evaluating her

18   and other class members for employment, Defendants procured or caused to be prepared credit and

19   background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15

20   U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

21          32.      The purported disclosures do not meet the requirements under the law because they are

22   embedded with extraneous information, and are not clear and conspicuous disclosures in a stand-alone

23   document.

24          33.      Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report

25   or investigative consumer report for employment purposes unless the disclosure is made in a document

26   that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the

27   report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of a release and other extraneous information,

28   therefore, violates § 1681b(b)(2)(A) of the FCRA.

1     34.    Although the disclosure and the authorization may be combined in a single document,

2  the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

3  information or be part of another document.  For example, in response to an inquiry as to whether the

4  disclosure may be set forth within an application for employment or whether it must be included in a

5  separate document, the FTC stated:

6        The disclosure may not be part of an employment application because the language [of 15
          U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not
7        encumbered by any other information. The reason for requiring that the disclosure be in a stand-
          alone document is to prevent consumers from being distracted by other information side-by-side
8        within the disclosure.

9     35.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is

10  willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of

11  applicants and employees, including Plaintiff and class members. Defendants' willful conduct is

12  reflected by, among other things, the following facts:

13        (a)    DEFENDANTS are large entities with access to legal advice;

14        (b)    DEFENDANTS required a purported authorization to perform credit and

15               background checks in the process of employing the class members which,

16               although defective, evidences DEFENDANTS' awareness of and willful failure

17               to follow the governing laws concerning such authorizations;

18     36.    Accordingly, Defendants willfully violated and continue to violate the FCRA including,

19  but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among

20  other things, the facts set forth above.

21     37.    Plaintiff, on behalf of herself and all **FCRA Class** members, seeks remedies pursuant to

22  15 U.S.C. § 1681n, including statutory damages, and attorneys' fees and costs.

23                           **PRAYER FOR RELIEF**

24     WHEREFORE, Plaintiff, on behalf of Plaintiff and all others similarly situated, prays for relief

25  and judgment against Defendants as follows:

26     A. An order that the action be certified as a class action;

27     B. An order that Plaintiff be appointed class representative;

28     C. An order that counsel for Plaintiff be appointed class counsel;

COMPLAINT

D.  Statutory penalties;

E.  Costs of suit;

F.  Interest;

G.  Reasonable attorneys' fees; and

H.  Such other relief as the Court deems just and proper or as authorize by statute.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of Plaintiff and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: March 5, 2020                    SETAREH LAW GROUP

SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
KIM RATTLER

8
COMPLAINT

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shaun Setareh (SBN #204514)<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771     FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name)*: KIM RATTLER | **FILED BY FAX**<br>ALAMEDA COUNTY<br>March 09, 2020<br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
**STREET ADDRESS:** 1225 Fallon Street
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** Oakland, California 94612
**BRANCH NAME:** René C. Davidson Courthouse

CASE NUMBER:
RG20057640

**CASE NAME:**
RATTLER v. MH SUB I, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount          (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: One(1)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related *cases*, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 6, 2020

Shaun Setareh
*(TYPE OR PRINT NAME)*          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Setareh Law Group
Attn: Setareh, Shaun
315 South Beverly Drive, Suite 315
beverly Hills, CA  90212

MH Sub I, LLC, a Delaware Limited
Liability Company

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Rattler | No. <u>RG20057640</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| MH Sub I, LLC | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE:  04/21/2020   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
               1221 Oak Street, Oakland

Case Management Conference:
DATE:  05/26/2020   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
               1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  03/09/2020                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                                By  _____
                                                                              Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/10/2020.

                                                By  _____
                                                                              Deputy Clerk

23346060

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>　TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR *(Name)*: Plaintiff | **FILED**<br>ALAMEDA COUNTY<br><br>MAR 1 3 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>　　　JAMIE THOMAS, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Kim Rattler, on behalf of herself, all others similarly | CASE NUMBER:<br>RG20057640 |
|---|---|
| DEFENDANT/RESPONDENT: MH Sub I, LLC, a Delaware Limited Liability Compa | |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Demand Force FCRA |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons on Complaint

3. a. Party served: Demandforce, Inc., a California corporation

　b. Person Served: Becky DeGeorge- CSC Corporation - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
　　　　　　　　　　　　　　　　　　　Sacramento, CA 95833
5. I served the party
　a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
　　receive service of process for the party (1) on (date): 03/11/2020　　　(2) at (time): 2:05PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:



　d. on behalf of:


　Demandforce, Inc., a California corporation
　under: CCP 416.10 (corporation)
7. **Person who served papers**
　a. Name:　　　　Tyler Anthony DiMaria
　b. Address:　　　One Legal - P-000618-Sonoma
　　　　　　　　　1400 North McDowell Blvd, Ste 300
　　　　　　　　　Petaluma, CA 94954

　c. Telephone number: 415-491-0606
　d. The fee for service was: $ 40.00
　e I am:
　　　(3) registered California process server.
　　　　(i) Employee or independent contractor.
　　　　(ii) Registration No.: 2006-06
　　　　(iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 03/11/2020


Tyler Anthony DiMaria

_____　　　　_____
(NAME OF PERSON WHO SERVED PAPERS)　　　　　　　(SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 14545856

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR *(Name)*: Plaintiff | 23345939<br><br>F I L E D<br>ALAMEDA COUNTY<br><br>MAR 1 3 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>JANE THOMAS, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Kim Rattler, on behalf of herself, all others similarly | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MH Sub I, LLC, a Delaware Limited Liability Compa | RG20057640 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Demand Force FCRA |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons on Complaint

3. a. Party served: MH Sub I, LLC, a Delaware Limited Liability Company

  b. Person Served: Becky DeGeorge- CSC Corporation - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
     receive service of process for the party (1) on (date): 03/11/2020     (2) at (time): 2:05PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

  d. on behalf of:

  MH Sub I, LLC, a Delaware Limited Liability Company
  under: Other: Limited Liability Company
7. **Person who served papers**
  a. Name:        Tyler Anthony DiMaria
  b. Address:    One Legal - P-000618-Sonoma
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

  c. Telephone number: 415-491-0606
  d. The fee for service was: $ 40.00
  e. I am:
     (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 03/11/2020

Tyler Anthony DiMaria                                          _____
(NAME OF PERSON WHO SERVED PAPERS)                                   (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 14545855 |
|---|---|---|

**<u>CERTIFICATE OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On April 9, 2020, I served the foregoing document(s) described as **DEFENDANTS' NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION)** on the interested parties in this action:

     Shaun Setareh
     Thomas Segal
     Farrah Grant
     SETAREH LAW GROUP
     315 South Beverly Drive, Suite 315
     Beverly Hills, CA 90212
     Telephone:  (310) 888-7771
     Facsimile:  (310) 888-0109
     Email:     shaun@setarehlaw.com
              thomas@setarehlaw.com
              f arrah@setarehlaw.com

     *Attorneys for Plaintiff Kim Rattler*

☐     **By FAX:**  by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☒     **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐     **By PERSONAL SERVICE:**  I delivered the envelope by hand on the addressee, addressed as stated above.

☐     **By OVERNIGHT MAIL:**  by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☐     **By ELECTRONIC MAIL:**  by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on April 9, 2020, at Los Angeles, California.

_____
Lourdes O. Gomez

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627