UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RATTLER,<br><br>    Plaintiff,<br><br>v.<br><br>MH SUB I, LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-02444-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS**<br><br>Docket No. 7 |

## I.  INTRODUCTION

Kim Rattler ("Plaintiff" or "Ms. Rattler") has filed a putative class action against MH Sub I, LLC[1] and Demandforce, Inc. (collectively "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. In particular, she alleges that Defendants provide FCRA disclosure notices that are not "clear and conspicuous," as required by law. Defendants have filed a motion to dismiss or strike a portion of Plaintiff's class allegations based on FCRA's statute of limitations.

## II.  BACKGROUND

A.  Factual Background

Plaintiff alleges as follows. Plaintiff was an employee of "Defendant" in the state of California. *See* Complaint ¶ 6, 21, Docket No. 1. Although Plaintiff does not specify which Defendant was her employer, Defendants' motion states that "Plaintiff applied for a Customer Services Manager position with Demandforce on November 12, 2018, and, as part of

---

[1] Defendant MH Sub I, LLC notes that it does business as "Internet Brands." *See* Docket No. 7.

Demandforce's application process, authorized Demandforce to run a pre-employment background check as part of the hiring process." *See* Docket No. 7 ("Mot.") at 3. Plaintiff alleges that Defendants "routinely acquire consumer reports to conduct background checks on Plaintiff and other prospective, current and former employees and use information from consumer reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law." Complaint ¶ 2.

More specifically, Plaintiff alleges that when she applied for employment, she was provided with "a disclosure and authorization form" permitting Defendants to conduct a background check. *Id.* ¶ 21. However, "[t]he disclosures provided by Defendants contained extraneous and superfluous language that does not consist solely of the disclosure as required by the FCRA and/or is not clear and conspicuous." *Id.* ¶ 22. In particular, Plaintiff alleges that the disclosure contained several sections not relevant to the rights of California applicants (of which Plaintiff was one); it included sections entitled "State of Washington applicants and employees only," "Massachusetts and New Jersey applicants, employees, and residents only," and "New York applicants, employees, and residents only." *Id.* ¶ 23. Plaintiff contends that because these sections "have no bearing on the rights of California applicants," the inclusion of such information makes the disclosures unclear and therefore noncompliant with FCRA. *Id.* Plaintiff further contends that the disclosure is not "clear and conspicuous" because "(1) the disclosure is not in all capital letters; (2) the disclosure is not in boldface to set off the required disclosure; (3) the disclosure includes multi-state information that is not a permissible element in an FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses; and, (4) the disclosure provisions are set out in a dense, small font that reduces clarity." *Id.* ¶ 24.

Plaintiff alleges that Defendants' conduct is willful. *Id.* ¶ 35.[2] In support of that allegation, Plaintiff contends that (1) "Defendants are large entities with access to legal advice," and (2) they "required a purported authorization to perform credit and background checks in the process of employing the class members," which suggest "awareness of and willful failure to

---

[2] Statutory damages are available where a FCRA violation is willful. *See* 15 U.S.C. § 1681n.

follow the governing laws concerning such authorizations." *Id.*

B. <u>Fair Credit Reporting Act</u>

The section of the Fair Credit Reporting Act pursuant to which Plaintiff brings this lawsuit reads as follows:

> Except as provided in subparagraph (B) [pertaining to consumer who apply for employment "by mail, telephone, computer, or other similar means"], a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A).

C. <u>Procedural Background</u>

On March 9, 2020, Ms. Rattler filed this putative class action against Defendants in California Superior Court in the County of Alameda. *See* Notice of Removal, Docket No. 1. The Complaint defines the class as

> All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for whom a background check was performed beginning **five years** prior to the filing of this action and ending on the date that final judgment is entered in this action.

Complaint ¶ 13(a) (emphasis added). On April 9, 2020, Defendants removed the case to federal court. *See* Notice of Removal. On April 16, 2020, Defendants filed this Motion to Dismiss or Strike Certain Class Allegations. *See* Docket No. 7. It is the only motion currently pending before the Court.

### III. DISCUSSION

#### A. Legal Standard

Under Rule 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored. *See Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010); *see also Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (stating that, "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion").

"Courts disfavor motions to strike class allegations because issues related to class allegations are generally more appropriately resolved on a motion for class certification." *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127-WQH-KSC, 2018 WL 325112, at *11 (S.D. Cal. Jan. 5, 2018) (citing *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235–36 (S.D. Cal. 2009); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)).

#### B. Analysis

As noted above, Plaintiff has proposed a putative class which includes those "who applied for a job with Defendants . . . beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." Complaint ¶ 13(a). However, the FCRA statute of limitations is "the earlier of -- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Courts have construed the "date of discovery" to include the date of constructive discovery. *See, e.g.*, *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1057 (C.D. Cal. 2014) (citing *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010)). Thus, Defendants seek to strike "plaintiff's class allegations that incorporate claims arising more than two years prior to the filing of the Complaint." Mot. at 1. They contend that those claims cannot be certified because they "are subject to individual inquiries

4

about whether and when each putative class member discovered the alleged violation" of FCRA. *Id.*

It is true, as Defendants point out, that courts have dismissed class allegations where Plaintiffs have identified FCRA classes with exclaims extending beyond the shorter, two-year statute of limitations. *See, e.g.*, *Holman v. Experian Info. Sols., Inc.*, No. C 11-0180 CW, 2012 WL 1496203, at *15 (N.D. Cal. Apr. 27, 2012) (Wilken, J.) ("Experian is correct that, to assess its liability to those more than 4,000 putative class members whose credit reports were disclosed more than two years before January 12, 2011, would require a determination of whether the class member had accessed their credit report or otherwise learned of Experian's disclosure. For that time period, the Court finds that individual issues will predominate over the common issues."); *Molina v. Roskam Baking Co.*, No. 1:09-CV-475, 2011 WL 5979087, at *5 (W.D. Mich. Nov. 29, 2011) ("Defendant properly points out that if Plaintiff's proposed classes are certified, there would need to be an individualized determination for each class member of when the violation that gave rise to his or her claim was discovered. Plaintiff's assertion that the proposed class members have not yet discovered the facts supporting the violations does not ameliorate this task.").

However, in both *Holman* and *Molina*, the court declined to certify the earlier FCRA claims at the class certification stage. *See also Bebault v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD, 2020 WL 2065646, at *3 (N.D. Cal. Apr. 29, 2020) (modifying a FCRA class to comply with the two-year statute of limitations at the class certification stage). Furthermore, in *Holman*, the Court also noted that it was possible that a "substantial portion" of the class was on notice because "federal law permits everyone free, annual access to their own Experian credit report," and the report would have revealed the FCRA violation. *Holman*, 2012 WL 1496203, at *15. Accordingly, these cases provide only indirect support for Defendants' contention that it would be proper to strike Plaintiff's class claims at this time and instead appear to support the idea that this issue is better resolved at the class certification stage, once discovery has been completed.

Importantly, this Court has previously approved a FCRA class settlement that reflected reduced recovery for those who might fall outside the two-year statute of limitations. *See Schofield v. Delta Air Lines, Inc.*, No. 18-CV-00382-EMC, 2019 WL 955288, at *2, * 3–4 (N.D.

Cal. Feb. 27, 2019). In addition, "the Ninth Circuit has repeatedly held that '[t]he existence of a statute of limitations issue does not compel a finding that individual issues predominate over common ones.'" *Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270, 308 (N.D. Cal. 2016) (quoting *Williams v. Sinclair*, 529 F.2d 1383, 1388 (9th Cir. 1975); and then citing *Cameron v. E.M. Adams & Co.*, 547 F.2d 473, 478 (9th Cir. 1976) ("We hold that the presence of individual issues of compliance with the statute of limitations here does not defeat the predominance of the common questions.")).

Accordingly, the Court **DENIES** Defendants' motion to strike portions of Plaintiff's class allegations pursuant to Rule 12(f). The denial is without prejudice to opposing class certification or seeking to limit the scope thereof at the appropriate juncture.

Defendants also ask the Court to consider striking the class allegations pursuant to Rule 12(b)(6) and Rule 23(d)(1)(D). But this, too, is disfavored. *See, e.g.*, *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[T]he granting of motions to dismiss class allegations before discovery has commenced is rare."); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1246 (C.D. Cal. 2011) (citing *Brothers v. Portage Nat'l Bank*, No. Civ. A 306–94, 2007 WL 965835, *7 (W.D. Pa. Mar. 29, 2007) for the proposition that "a Rule 12(b)(6) motion must not be used 'as a vehicle for preempting a certification motion'"); *Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 888, 908 (N.D. Cal. 2015) ("[T]he Court is not inclined to grant motions to strike under Fed. R. Civ. P. 12(f) or 23(d)(1)(D)."). Accordingly, Defendants' request to strike the class allegations pursuant to one of these alternative approaches is also **DENIED**.

///
///
///
///
///
///
///

6

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion.

This order disposes of Docket No. 7.

**IT IS SO ORDERED**.

Dated: June 12, 2020

_____
EDWARD M. CHEN
United States District Judge